Todd M. Nosher
TMNosher@venable.com
**VENABLE LLP**
Rockefeller Center
1270 Avenue of the Americas
24th Floor
New York, NY 10020
Telephone:  (212) 307-5500
Facsimile:  (212) 307-5598

Adam R. Hess (*pro hac vice* application to be filed)
ARHess@venable.com
Martin L. Saad (*pro hac vice* application to be filed)
MLSaad@venable.com
Andrew F. Pratt (*pro hac vice* application to be filed)
AFPratt@venable.com
Tamatane J. Aga (*pro hac vice* application to be filed)
TJAga@venable.com
**VENABLE LLP**
600 Massachusetts Avenue, NW
Washington, D.C. 20001
Telephone: (202) 344-4389
Facsimile: (202) 344-8300

Alper T. Ertas (*pro hac vice* application to be filed)
ATErtas@venable.com
**VENABLE LLP**
101 California Street, Suite 3800
San Francisco, CA 94111
Telephone: (415) 343-3214
Facsimile: (415) 653-3755

*Counsel for Plaintiff Varidesk LLC*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| VARIDESK LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION NO. 2:19-CV-00095 |
| v. | § | |
| | § | |
| HANGZHOU LANDA CRAFTS CO., | § | **JURY TRIAL DEMANDED** |
| LTD. AND DAKOTA TRADING | § | |
| INC., | § | |
| | § | |
| Defendants. | § | |
| | § | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Varidesk LLC ("Varidesk") files this complaint for patent infringement against Hangzhou Landa Crafts Co., Ltd. ("Landa Crafts") and Dakota Trading, Inc. ("Dakota"), collectively "Defendants," alleging on its own knowledge and on information and belief as follows:

## PARTIES

1.      Varidesk is a Texas limited liability corporation having its headquarters at 1221 South Belt Line Road #500, Coppell, Texas 75019.  Varidesk is a pioneer and leader in the field of height-adjustable desk technology.

2.      Upon information and belief, Landa Crafts is a company organized under the laws of the People's Republic of China, with its principal place of business at Daicun Industrial Area, Xiaoshan District, Hangzhou, Zhejiang, China 311200.

3.      Upon information and belief, Dakota is a company organized under the laws of the State of New Jersey, with its principal place of business and headquarters at 85 Kinderkamack Road, Emerson, New Jersey 07630.

## JURISDICTION AND VENUE

4.      This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code § 1, *et seq.*

5.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6.      Defendants are subject to this Court's specific and general personal jurisdiction under due process and/or the New Jersey Long Arm Statute due at least to Defendants' continuous and systematic contact and substantial business in this forum, including: (i) at least a

portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in New Jersey.

7.     Venue is appropriate in this District pursuant to 28 U.S.C. §§ 1391(b) and (c), and/or 28 U.S.C. § 1400(b).  Upon information and belief, Defendants have transacted business in this District and have committed acts of patent infringement in this District.  Moreover, Dakota is incorporated in and under the laws of the State of New Jersey, and has a regular and established place of business in New Jersey.

## VARIDESK'S PATENTS

8.     Varidesk's claims are based on Defendants' unlawful and unauthorized direct and indirect infringement of the following patents for height-adjustable desk platforms and components thereof:  U.S. Patent No. 9,113,703 ("the '703 Patent"), U.S. Patent No. 9,277,809 ("the '809 Patent"), U.S. Patent No. 9,554,644 ("the '644 Patent"), and U.S. Patent No. 9,924,793 ("the '793 Patent"), collectively the "Asserted Patents."  Copies of the Asserted Patents are attached hereto as Exhibits 1, 2, 3, and 4.

9.     Varidesk is the owner by assignment of the entire right, title, and interest to the Asserted Patents, including the sole and exclusive right to prosecute this action, enforce the Asserted Patents against infringers, and to collect damages on the Asserted Patents for all relevant times.

## DEFENDANTS' INFRINGING ACTIVITIES

10.     Upon information and belief, Defendants develop, manufacture, and/or sell height-adjustable desk platforms and components thereof, which are sold in competition with Plaintiff Varidesk.

11.     Upon information and belief, Defendants have made, used, sold, offered for sale, and/or imported into the United States at least the following infringing height-adjustable desk platforms:  Halter ED-257, Halter ED-258, Halter ED-259, Halter ED-600, Halter ED-700, and all sub-models thereof (collectively, the "Accused Products").  Printouts from websites depicting examples of Accused Products are attached as Exhibits 5, 6.

12.     Upon information and belief, either directly or through distributors and resellers, Defendants knowingly and intentionally make, use, offer to sell, and sell some or all of the Accused Products to others for importation into the United States.

13.     Defendants offer their products for sale in the United States through websites directed to U.S. consumers.  For example, Defendant Dakota sells the Accused Products to consumers in the United States through www.amazon.com under the brand name Halter.  *See* Exhibit 5.  Landa Crafts markets and sells the Accused Products through www.alibaba.com, where it lists the prices of the Accused Products in U.S. dollars, offers "Ocean Shipping Service from China to U.S.," and notes that the United States is one of its "main markets."  *See* Exhibit 7.

14.     The Accused Products are currently the subject of an Investigation commenced by the U.S. International Trade Commission ("ITC") into violations of Section 337 of the Tariff Act of 1930, as amended, 19 U.S.C. § 1337 ("ITC Investigation"), for infringement of the Asserted Patents.  The ITC's Notice of Institution of Investigation is attached hereto as Exhibit 8. Defendant Dakota is a named Respondent in the ITC Investigation.

15.     Defendant Dakota has had notice of Varidesk's patent rights since at least the time it learned of Varidesk's ITC complaint, filed on June 22, 2018, yet continues to willfully infringe Varidesk's patent rights through its continued sale, offer for sale, and importation of the Accused Products.

16.     Defendants' conduct alleged herein constitutes knowing and intentional direct and indirect infringement of the Asserted Patents.

## COUNT I – INFRINGEMENT OF THE '703 PATENT

17.     Varidesk restates and incorporates by reference the paragraphs above as if stated fully herein.

18.     Upon information and belief, in violation of 35 U.S.C. § 271(a), Defendants have, literally and under the doctrine of equivalents, directly infringed at least claims 1, 2, 4, 6, 9-11 of the '703 Patent by, among other things, making, using, offering for sale, and/or selling within the United States, the Accused Products, and will continue to do so unless such infringing activities are enjoined by this Court.  A sample claim chart showing infringement of the '703 Patent by an Accused Product is attached as Exhibit 9.

19.     Upon information and belief, in violation of 35 U.S.C. § 271(b), Defendant Landa Crafts has actively induced and is inducing the infringement of the '703 Patent by knowingly and specifically intending that others directly infringe the '703 Patent, including by encouraging others to purchase the Accused Products for importation and sale in the United States.

20.     Varidesk has suffered, and continues to suffer, damages and irreparable harm as a result of Defendants' past and ongoing infringement.

21.     Unless Defendants' infringement is enjoined, Varidesk will continue to be damaged and irreparably harmed.

22.     Varidesk meets the criteria for, and is entitled to, a permanent injunction.

23.     Defendant Dakota has had knowledge of the '703 Patent since at least the date it was notified of Varidesk's complaint leading to the ITC Investigation.

24.     Defendant Landa Crafts has had knowledge of the '703 Patent since at least the date of the filing of this Action.

25.     Upon information and belief, Defendants' ongoing infringement of the '703 Patent has been willful and deliberate, making this an exceptional case and entitling Varidesk to recover enhanced damages and attorneys' fees pursuant to 35 U.S.C. §§ 284, 285.

## COUNT II – INFRINGEMENT OF THE '809 PATENT

26.     Varidesk restates and incorporates by reference the paragraphs above as if stated fully herein.

27.     Upon information and belief, in violation of 35 U.S.C. § 271(a), Defendants have, literally and under the doctrine of equivalents, directly infringed at least claims 22-27 of the '809 Patent by, among other things, making, using, offering for sale, and/or selling within the United States, the Accused Products, and will continue to do so unless such infringing activities are enjoined by this Court.  A sample claim chart showing infringement of the '809 Patent by an Accused Product is attached as Exhibit 10.

28.     Upon information and belief, in violation of 35 U.S.C. § 271(b), Defendant Landa Crafts has actively induced and is inducing the infringement of the '809 Patent by knowingly and specifically intending that others directly infringe the '809 Patent, including by encouraging others to purchase the Accused Products for importation and sale in the United States.

29.     Varidesk has suffered, and continues to suffer, damages and irreparable harm as a result of Defendants' past and ongoing infringement.

6

30.     Unless Defendants' infringement is enjoined, Varidesk will continue to be damaged and irreparably harmed.

31.     Varidesk meets the criteria for, and is entitled to, a permanent injunction.

32.     Defendant Dakota has had knowledge of the '809 Patent since at least the date it was notified of Varidesk's complaint leading to the ITC Investigation.

33.     Defendant Landa Crafts has had knowledge of the '809 Patent since at least the date of the filing of this Action.

34.     Upon information and belief, Defendants' ongoing infringement of the '809 Patent has been willful and deliberate, making this an exceptional case and entitling Varidesk to recover enhanced damages and attorneys' fees pursuant to 35 U.S.C. §§ 284, 285.

## <u>COUNT III – INFRINGEMENT OF THE '644 PATENT</u>

35.     Varidesk restates and incorporates by reference the paragraphs above as if stated fully herein.

36.     Upon information and belief, in violation of 35 U.S.C. § 271(a), Defendants have, literally and under the doctrine of equivalents, directly infringed at least claims 1-6, 12, 21, 23, 25, 33-36 of the '644 Patent by, among other things, making, using, offering for sale, and/or selling within the United States, the Accused Products, and will continue to do so unless such infringing activities are enjoined by this Court.  A sample claim chart showing infringement of the '644 Patent by an Accused Product is attached as Exhibit 11.

37.     Upon information and belief, in violation of 35 U.S.C. § 271(b), Defendant Landa Crafts has actively induced and is inducing the infringement of the '644 Patent by knowingly and specifically intending that others directly infringe the '644 Patent, including by encouraging others to purchase the Accused Products for importation and sale in the United States.

38.     Varidesk has suffered, and continues to suffer, damages and irreparable harm as a result of Defendants' past and ongoing infringement.

39.     Unless Defendants' infringement is enjoined, Varidesk will continue to be damaged and irreparably harmed.

40.     Varidesk meets the criteria for, and is entitled to, a permanent injunction.

41.     Defendant Dakota has had knowledge of the '644 Patent since at least the date it was notified of Varidesk's complaint leading to the ITC Investigation.

42.     Defendant Landa Crafts has had knowledge of the '644 Patent since at least the date of the filing of this Action.

43.     Upon information and belief, Defendants' ongoing infringement of the '644 Patent has been willful and deliberate, making this an exceptional case and entitling Varidesk to recover enhanced damages and attorneys' fees pursuant to 35 U.S.C. §§ 284, 285.

## COUNT IV – INFRINGEMENT OF THE '793 PATENT

44.     Varidesk restates and incorporates by reference the paragraphs above as if stated fully herein.

45.     Upon information and belief, in violation of 35 U.S.C. § 271(a), Defendants have, literally and under the doctrine of equivalents, directly infringed at least claims 1-4, 7-11, 20-24, 27-50 of the '793 Patent by, among other things, making, using, offering for sale, and/or selling within the United States, the Accused Products, and will continue to do so unless such infringing activities are enjoined by this Court.  A sample claim chart showing infringement of the '793 Patent by an Accused Product is attached as Exhibit 12.

46.     Upon information and belief, in violation of 35 U.S.C. § 271(b), Defendant Landa Crafts has actively induced and is inducing the infringement of the '793 Patent by knowingly and

specifically intending that others directly infringe the '793 Patent, including by encouraging others to purchase the Accused Products for importation and sale in the United States.

47.     Varidesk has suffered, and continues to suffer, damages and irreparable harm as a result of Defendants' past and ongoing infringement.

48.     Unless Defendants' infringement is enjoined, Varidesk will continue to be damaged and irreparably harmed.

49.     Varidesk meets the criteria for, and is entitled to, a permanent injunction.

50.     Defendant Dakota has had knowledge of the '793 Patent since at least the date it was notified of Varidesk's complaint leading to the ITC Investigation.

51.     Defendant Landa Crafts has had knowledge of the '793 Patent since at least the date of the filing of this Action.

52.     Upon information and belief, Defendants' ongoing infringement of the '793 Patent has been willful and deliberate, making this an exceptional case and entitling Varidesk to recover enhanced damages and attorneys' fees pursuant to 35 U.S.C. §§ 284, 285.

## JURY DEMAND

Varidesk hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

Varidesk requests that the Court find in its favor and against Defendants and grant Varidesk the following relief:

a.     Judgment be entered that Defendants have infringed one or more claims of the Asserted Patents, literally and/or under the doctrine of equivalents;

b.     Judgment be entered that Defendants' infringement of the Asserted Patents was willful;

c.      An assessment and accounting of the damages resulting from Defendants' infringement of the Asserted Patents, including, without limitation, lost profits caused by Defendants' infringing activities and/or a reasonable royalty for the infringement pursuant to 35 U.S.C. §§ 284, and that the damages so ascertained be trebled pursuant to 35 U.S.C. § 284 and awarded together with interests and costs;

d.      An injunction be issued, restraining and enjoining Defendants and their respective officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in privity or in concert with them, from engaging in the commercial manufacture, use, offer for sale, or sale within the United States, or importation into the United States, of products infringing the Asserted Patents;

e.      Judgment be entered that this is an exceptional case, and that Varidesk is entitled to its reasonable attorneys' fees and costs in accordance with 35 U.S.C. § 285; and

f.      The Court award such other and further relief as the Court may deem just and proper under the circumstances.

Dated:  January 3, 2019    Respectfully submitted,

By: s/_*Todd M. Nosher*

Todd M. Nosher
tmnosher@venable.com
VENABLE LLP
Rockefeller Center
1270 Avenue of the Americas
24th Floor
New York, NY 10020
Telephone:  (212) 307-5500
Facsimile:  (212) 307-5598

Adam R. Hess (*pro hac vice* application to be filed)
ARHess@venable.com
Martin L. Saad (*pro hac vice* application to be filed)
MLSaad@venable.com
Andrew F. Pratt (*pro hac vice* application to be filed)
AFPratt@venable.com
Tamatane J. Aga (*pro hac vice* application to be filed)
TJAga@venable.com
VENABLE LLP
600 Massachusetts Avenue, NW
Washington, D.C. 20001
Telephone: (202) 344-4389
Facsimile: (202) 344-8300

Alper T. Ertas (*pro hac vice* application to be filed)
ATErtas@venable.com
VENABLE LLP
101 California Street, Suite 3800
San Francisco, CA 94111
Telephone: (415) 343-3214
Facsimile: (415) 653-3755

*Counsel for Plaintiff Varidesk LLC*